| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------ x<br>UNITED STATES OF AMERICA      :<br>                                                                  :<br>       - against -                                          :<br>                                                                  :<br>NOLAN CRUZ-CASTILLO,                   :<br>                                                                  :<br>                                  Defendant.         :<br>------------------------------------------------------ x | USDC SNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>April 9, 2012</u><br><br><br>11 Cr. 398 (PAC)<br><br>ORDER |

HONORABLE PAUL A. CROTTY, United States District Judge:

      On August 4, 2011, Defendant Nolan Cruz-Castillo entered a plea of guilty pursuant to a plea agreement, dated July 25, 2011, with the government to Count One of the Indictment, which charges conspiracy to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He now moves, pursuant to Fed.R.Crim.P. 11(d)(2)(B), to withdraw his guilty plea on the basis that counsel provided ineffective assistance by failing to translate the plea agreement from English, which Cruz-Castillo neither speaks nor understands, into his native Spanish. Defendant contends that his lawyer, Mark Cohen, used "his poor Span-glish" to explain the plea agreement to him without the assistance of an interpreter. (Def's Mem. at 3.) Cruz-Castillo maintains that he "has not seen, read, or received anything in [S]panish nor has it [the plea agreement] been explained to him in Spanish." (<u>Id.</u> at 4.) He argues that his guilty plea was not knowing and voluntary, because he did not understand the charges to which he pleaded guilty. (<u>Id.</u>) Rather, Cruz-Castillo asserts that his guilty plea was the result of Cohen's coercion, pressure, misrepresentation and distortion. (<u>See id.</u> at 3-5.)

      He also maintains his innocence "to some degree," and argues that he pleaded guilty based only on his counsel's representation that he could face life in prison. (<u>Id.</u> at 4.) Cruz-Castillo asserts no basis to support his claim of legal innocence, but states that the Court should

1

consider this innocence claim "due to forced coercion and false promises by the counsel Mr. Mark Cohen." (Id. at 5.) For the reasons discussed below, Cruz-Castillo's motion is denied.

## BACKGROUND

During the plea colloquy on August 4, 2011, the Defendant was present with his then-retained counsel, Mark Cohen, as well as a Spanish interpreter. The Court asked whether Cruz-Castillo could understand what was being said, and he answered "yes, sir." (Aug. 4, 2011 Tr. ("Tr.") at 2.) Mr. Cohen stated that he had reviewed the plea agreement with Cruz-Castillo twice and that he had explained the procedures to the Defendant. (Id. at 2-3.) After being placed under oath, Cruz-Castillo stated that his mind was clear and that he was not under the influence of any drugs or alcohol. (Id. at 4-5.) He confirmed that he understood the purpose of the proceedings and the nature of the offense charged in the Indictment. (Id. at 5.) He also confirmed that Mr. Cohen had explained to him the consequences of pleading guilty. (Id. at 5.) Cruz-Castillo said he was satisfied with Mr. Cohen's counsel, advice, and representation. (Id.)

The Court informed Cruz-Castillo that he was "giving up valuable rights," and reminded him that he had a right to plead not guilty, a right to a jury trial, and other associated constitutional rights. (Id. at 5-7.) The Defendant confirmed that he understood he would be waiving those rights by pleading guilty. (Id. at 7.) The Court then reviewed the maximum penalties associated with Count One of the Indictment, and Cruz-Castillo also acknowledged that he understood them. (Id. at 8.)

Following this exchange, the Court reviewed the Defendant's plea agreement, dated July 25, 2011. Cruz-Castillo confirmed that his agreement was translated into Spanish, and that he reviewed it with Mr. Cohen. Cruz-Castillo said that no one made any threats or promises to get him to sign the agreement, and that he signed the plea agreement voluntarily. (Id.) The

2

Defendant also confirmed that counsel had explained the guidelines offense level calculation and criminal history category of one. (Id. at 9.) In addition, Cruz-Castillo verified that counsel explained that his "safety valve" eligibility reduced his sentencing guidelines range from a mandatory minimum imprisonment of 120 months to 87 to 108 months. (Id.) The plea agreement provided that Cruz-Castillo "accepted this Agreement and decided to plead guilty because he is in fact guilty." (Def's Mem., Ex. 4, at 4.)

The government then summarized the evidence it would present at trial to establish the elements of the charged conspiracy. This evidence included Cruz-Castillo's post-arrest statements, in which he admitted that he was involved in heroin trafficking, as well as testimony from officers who surveilled the Defendant on the day of his arrest in the Bronx and subsequently recovered over one kilogram of heroin from his person. (Id. at 12-13.)

In his allocution, Cruz-Castillo told the Court: "From April 1, 2011 to April 28 . . . in the Bronx, I came to an agreement with other people to try to traffic in one kilo or more of heroin. At that moment I knew I was violating the narcotic laws of the United States." (Id. at 13.) The Court accepted Cruz-Castillo's plea of guilty to Count One of the Indictment and scheduled sentencing for November 8, 2011. (Id. at 14.)

Prior to sentencing, however, Cruz-Castillo dismissed Mr. Cohen and retained Alan Seidler as new counsel. In a letter to the Court dated November 1, 2011, Cruz-Castillo said he was "not actually dissatisfied with the [plea] agreement." Nonetheless, Cruz-Castillo wanted his new counsel to move to set his guilty plea aside. On December 21, 2011, Seidler notified the Court that Cruz-Castillo wished to make an application to withdraw his guilty plea. At a conference held on January 10, 2012, Seidler indicated that Cruz-Castillo was no longer satisfied with his representation, but could not afford to retain further counsel. The Court appointed then

CJA counsel, Richard Rosenberg, to represent Cruz-Castillo and to advise him on the merits of his Rule 11(d) motion. On March 2, 2012, Cruz-Castillo filed his motion, pro se, and said that Mr. Rosenberg advised against moving to withdraw his guilty plea. The Court appointed special counsel, Louis Aidala, to give Cruz-Castillo independent advice on the motion. Special counsel reviewed the facts and spent time with Cruz-Castillo. He too advised against withdrawing the guilty plea.

## DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw his guilty plea before he is sentenced if he shows "a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The defendant bears the burden of demonstrating valid grounds for relief. See United States v. Avellino, 139 F.3d 249, 261 (2d Cir. 1998). The decision of whether to allow the withdrawal is left to the discretion of the district judge. See United States v. Torres, 129 F.3d 170, 715 (2d Cir. 1997).

When evaluating whether the defendant has proffered a "fair and just reason" to withdraw his guilty plea, the Court considers the following factors: "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) (citation omitted). "Where a motion to withdraw a plea is premised on involuntariness, the defendant must raise a significant question about the voluntariness of the original plea." Id. at 211 (internal quotation and citation omitted). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." Torres, 129 F.3d at 715; see also United States v. Gonzales, 970 F.2d 1095, 1100 (2d Cir. 1992) ("The fact that a defendant

has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea.").

A defendant's Sixth Amendment right to counsel "extends to the plea bargaining process." Lafler v. Cooper, __ S.Ct.__, 2012 WL 932019, at *5 (2012). Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and justify withdrawal "to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show "(1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms; and (2) it is reasonably likely that prejudice occurred – i.e., that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland v. Washington, 466 U.S. 668, 687-96 (1984)). To satisfy the second prong in this context, "the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Id.

Cruz-Castillo fails to show a "fair and just reason" that would merit withdrawing his guilty plea. Contrary to his argument, there is no suggestion in the record that his plea was coerced or anything other than voluntary. The Court conducted a plea colloquy with the Defendant in accordance with Fed.R.Crim.P. 11(b). During that colloquy, Cruz-Castillo stated that he understood the purpose of the proceedings. He confirmed that his plea agreement had been translated into Spanish, that he reviewed the terms of that agreement with Mr. Cohen, and that Mr. Cohen explained to him the consequences of pleading guilty to Count One of the Indictment. Cruz-Castillo also stated, under oath, that he was pleading guilty voluntarily. These

statements at a plea allocution "carry a strong presumption of veracity," Doe, 537 F.3d at 213, and Cruz-Castillo cites no threat or promise that would suggest his guilty plea was not voluntary.[1]  See Brady v. United States, 397 U.S. 742, 755 (1970) (for purposes of voluntariness, a guilty plea "must stand unless induced by threats . . . misrepresentation . . . or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)").  Rather, the record shows that Cruz-Castillo "was fully aware of the consequences of his plea when he entered it," and his plea was "the product of a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Doe, 537 F.3d at 212.

To the extent that Cruz-Castillo now argues that he was innocent of the conspiracy charged in the Indictment, this argument is meritless.  During his plea allocution, Cruz-Castillo stated that he knowingly participated in a conspiracy to distribute at least one kilogram of heroin in the Bronx.  See Gonzalez, 970 F.2d at 1100 (affirming denial of motion to withdraw guilty plea where defendant's claim of innocence "was directly contradicted by his clear statements at allocution").  Moreover, according to the government's proffer, officers arrested Cruz-Castillo with more than one kilogram of heroin on his person.  After he received Miranda warnings, Cruz-Castillo waived those rights and admitted his role in the offense.  The Defendant also "safety valve" proffered with the assistance of counsel and a Spanish interpreter, and described to the government how he conspired with others to distribute approximately ten kilograms of heroin.  (Govt's Mem. at 2 n.1.)  "The fact that a defendant has a change of heart prompted by

---

[1] Although Cruz-Castillo argues that he pleaded guilty "because his defense attorney Mr. Mark Cohen, convinced the defendant that he could face life in prison if he . . . did not plea[d] guilty," (Def's Mem. at 4), counsel's warning cannot be considered a "threat."  Rather, counsel provided Defendant with an accurate statement of the law.  See 21 U.S.C. §§841(b)(1)(A), 846.  Moreover, the disclosure of the "maximum possible penalty, including imprisonment, fine, and term of supervised release" is required by Fed.R.Crim.P. 11(b)(1)(H).

his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." Gonzalez, 970 F.2d at 1100.

Lastly, Cruz-Castillo fails to demonstrate ineffective assistance of counsel in connection with his decision to plead guilty. In light of the overwhelming evidence proffered by the government—namely, the circumstances of the Defendant's arrest; his post-arrest statements; his safety valve proffer; and his plea allocution before the Court—trial counsel's advice that the Defendant plead guilty was reasonable. Indeed, Cruz-Castillo's two subsequent counsel and one independent counsel have all concurred in that view. Cruz-Castillo does not articulate any basis on which trial counsel could have challenged the government's evidence. See Doe, 537 F.3d at 214. Nor does he indicate anywhere in his motion that he would have proceeded to trial but for counsel's advice that he plead guilty. See id. Cruz-Castillo has therefore failed to provide a "fair and just" reason that would allow this Court to set aside his guilty plea.[2]

## CONCLUSION

For the reasons discussed, Cruz-Castillo's motion to withdraw his plea of guilty pursuant to Fed.R.Crim.P. 11(d)(2)(B) is denied. The parties are directed to appear at the next pretrial conference scheduled for Wednesday, April 11, 2012 at 5:30 p.m. in Courtroom 20-C.

Dated: New York, New York
April 9, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] As the Defendant has not demonstrated any "significant questions concerning the voluntariness or general validity of the plea," an evidentiary hearing is not necessary in this case. Gonzalez, 970 F.2d at 110 ("No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.").

Copy mailed to:
Nolan Cruz-Castillo
Register No. 91710-054
Metropolitan Correctional Center
150 Park Row
New York, NY 10007